This is number 20, 1891, In Re Alfred Miller Contracting, Ms. Brzezinski. Thank you, Judge Newman. Good morning, Your Honors. May it please the Court, the Board invalidated all claims of 005 patent as being obvious over two prior art references, Burt and Sachs. The appellant is asking this Court to reverse the Board's decision, affirming the examiner for several reasons. First, the reversal of the Board's decision is warranted because in its determination, the Board did not make any factual findings on the claim element, strip being bent along its longitudinal axis. And even if the Board made factual findings regarding this element of the claim, it was not supported by substantial evidence. During re-exam and on appeal to the Board, appellant argued that the clips of Burt are bent laterally as opposed longitudinally as required by independent claims 1, 10, 13, and 16 of the 005 patent. Just because a cross-sectional view of Burt shows an edge having a 90-degree angle does not suggest that the Burt discloses a longitudinally bent structure as claimed. Further, the appellant argued that in response to non-final office action, response to final office action on appeal brief and reply brief, that Burt significantly discourages the investigation of any longitudinally bent structures used for the clip. For the reason that the clips in Burt are bent laterally, not longitudinally. In response, the examiner generally pointed to figure 226 to find the missing element of the claim. The Board then stated that the examiner's rejection finds that Burt teaches all aspects of the appellant's claim except wire mesh. We believe that this pointing to figure 226 cannot be sufficient to meet the substantial evidence standard because no reasonable mind would accept the examiner's assertion as adequate for finding that Burt discloses or suggests the claim element should be bent along its longitudinal axis. The Board's ending statement was, accordingly, we sustain the examiner's rejection of Claim 1 through 19. And we believe it is not enough to pass the standard established by this Court in several cases, starting with In Re Cree, Icon Health, and non-precedential opinion in Katzworth, the Motive Power. There is no express adoption of examiner findings. There is no reference or incorporation by reference to any detailed record. Instead, like in Icon Health and Katzworth, the PTAP final decision was spent much on summarizing the parties' arguments and the Board offered only conclusory analysis of its own on the question of obviousness, and more to the point, where one finds 3 being bent along its longitudinal axis. We believe that, at the minimum, the remand is proper based on the caseload that I just referenced. It follows that the combination teaches a way which concept bursts, of course, upon the issue of motivation to combine. Essentially, teaching a way is anti-motivation to combine, and Povita would not have had a reason to combine BERT and SACS, clearly absent the one element exclaimed in the challenged patent. Excuse me, this is Judge Lynn. Did your client contest the longitudinal axis claim limitation before the Board? Yes, Your Honor. I'm sorry? Where did your client contest that? In response to the non-final office action, Appendix 384 and 385. In response to final office action, Appendix 0423. On appeal brief, Appendix 460 and 461, and in reply brief, Your Honor, 496 to 498. And even if the Board may not have made its own fact findings, the Board adopted the examiner's conclusions with respect to the longitudinal axis limitation, is that right? Well, the Board stated, basically, that the examiner found all elements of the claims, and what the examiner did, examiner referenced figure 2226, and for the proposition that there is the missing element of the claim, but other than that, we believe that under the existing case law, it is not enough for the Board to simply restate without their own, if you will, Your Honor, elaboration on the subject, that this is enough for the Board to conclusively state that this meets the element of the claim. Counsel, when we're looking at BERT and seeing BERT being applied to some steel beam or arch, and we see that the clips of BERT are bent, and I understand your view that they're bent along its so-called lateral axis, because that's the shorter length of those clips, but why couldn't it also be considered being bent along its longitudinal axis, since that's the y-axis, that's the vertical axis along which they're being applied to some building? I guess, Your Honor... Therefore, its longitudinal axis, as understood, is how it's positioned on some structure, and so therefore, because that's the y-axis, that's the longitudinal axis. Your Honor, I guess the answer to that question is because the examiner focused on four and seven only. For the first time, the solicitor brought up the so-called assembly strips nine. That hasn't been brought up in before, and another point is, for example, solicitor brought up figure one, which I think that Your Honor is referring to, because if the hard to basically... Well, it's not hard to imagine, but I do not believe that just assembling or assembling those strips will create a straight line or some unitary strips that will serve the purpose of 005 patent, and it will go completely counter the BERT, basically, because BERT is created for curved edges, not straight edges, and that was one of the points that we made in answers to examiners and on appeal, and solicitor advanced this argument for the first time in the responses brief and brought up never-used figure one and argued that this is somehow unitary strip that bends longitudinally, and that's why... And the clips, I'm sorry. Yeah, here's another question. Looking at figure seven of BERT, there's the BERT-invented corner bead, and then there's also a conventional corner bead at the very bottom of that as illustrated, and as we can see, it's got a BERT-invented corner bead. And I was just curious, for that conventional corner bead as illustrated in BERT, if you were to use a wire mesh, basically combine it with SACS such that you use the wire mesh there for that conventional corner bead, would that have all of the limitations of your claim? I don't believe so, Your Honor, and the reason why is because figure seven of BERT has, while the individual clips of BERT appear to be straight, BERT specifically teaches that other rigid corner beads, not BERT, are used on straight edges, and nothing in BERT actually says the entire bead can be used on the straight edges, but merely says that... I'm referring to the other bead in figure seven, the one at the very bottom of that arc, that is the conventional corner bead, and whether you used a wire mesh for that, would that have all the claimed limitations? Well, I guess it depends what kind of wire mesh will be used, because what... The wire mesh is SACS. No, the answer to that is no, for the reason that we also explained how that would destroy the purpose of BERT. Because, Your Honor, because basically the BERT, divorcing longitudinally rigid structure of SACS mesh to modify the structure of BERT clip is not proper for the reason that SACS mesh is not any kind of mesh, because it has longitudinal rigidity, that in no way can make BERT operational, because BERT is designed to curve surfaces, and even if one can modify solid clip of BERT with SACS mesh, this combination would suffer from the same deficiency. It misses the element of the claim, which is strip being bent along its longitudinal axis. And in sum, the substantial evidence show that BERT specifically discourages the investigation of any longitudinally bent structure used for the clip, because the clip has a lateral bend, and SACS discourages or teaches away from combination with BERT. So, again, purpose of BERT is to provide a corner beat for curved corners, and the combination with SACS would not allow for a smooth curve, and therefore would render BERT unsatisfactory for its intended purpose. So, that's basically the argument that, I guess, answers Your Honor's question. Okay, any more questions at the moment? All right, we'll save your full rebuttal time. Let's hear from the other side. Ms. Lateef. Thank you, Judge Newman. May it please the Court. Substantial evidence supports the Board's finding that AMC's claimed invention is obvious over BERT in view of SACS. With respect to appellant's argument that this claim limitation about a longitudinal axis claim was argued before the Board, there is actually no evidence of that. There was a forfeiture here, and as a result, this Court should not consider that argument today. In my briefing, Your Honors may note that I used the word waiver, but I filed this prior to the Google Tech holdings. So, as I speak today, I will refer to forfeiture. Now, what was forfeited? This argument that the combination does not disclose the longitudinal axis claim limitation. So, that's the limitation that says that the strip was bent along its longitudinal axis. If you look at what AMC argued to the Board, they made two arguments. One argument was that the combination taught away because, allegedly, BERT is only used for curved openings. And then the second argument that they made was that the combination discloses the purpose of BERT for that very same reason about, allegedly, BERT is only used for curved openings. They did not argue that there were any limitations missing within the combination. You're saying that they were required to foresee what they might hear from the other side and argue against it? I think, let's just set aside this question of forfeiture and make sure that what the Office did and what the Board did was fair and just and adequate and not retrospectively impose artificial barriers. Sure, Your Honor. If you look at the final Office action on page APPX 397, the examiner made a finding. And in that finding, he said that the strip is bent along its longitudinal axis and cited to figures two through six. So, there was nothing for AMC to have to anticipate. That argument, the examiner made a finding. And when AMC appealed to the Board, they never disputed that particular finding. They didn't have to. It's not in the prior art. Well, they didn't dispute that it's not in the prior art, Your Honor. They didn't make an erroneous rejection because a limitation was missing. That the combination couldn't be because this particular limitation was missing. Well, the examiner didn't say it was in the prior art. The prior art was cited for other purposes which are before us. So, the examiner said that that particular limitation was found in BERT and it pointed to figures two through six. And so, if AMC did not agree with that, AMC should have argued to the Board that the examiner made an erroneous finding. And they did not do that. Ms. Lateef, this is Judge Lynn. Let's put aside for the moment any forfeiture or waiver argument and just focus on the limitation. Okay. Where in BERT is that limitation disclosed? So, if you look at BERT on page APPX 22, BERT's figure six, BERT is talking about BERT had several unitary clips nine. And those unitary clips sit on top of a wire nose three. And so, figure six is showing you a planar view of that. And if you look at those strips, they form these sort of wings four and seven. That's what you're looking at to the left and to the right. And so, those unitary clips along wire nose three are longitudinally bent. And if you were to extend this up against a wall, this is just a short view. But if you were to extend this and have it up against a wall, that is longitudinally bent. You said if, but BERT is related to a curved corner. So, you're changing the facts? Well, that's AMC's argument. But the examiner and the Board found that BERT can be used on substantially straight corners. It may prefer curved corners, but it does not discourage or say that it cannot be used against straight corners. And in fact, if you look at... It doesn't teach it. It's concerned with a curve. That was its structure and its invention. Well, if you look at APPX 24, Your Honor, and you look at line 38, it says, my flexible beads cooperate with any straight type of corner reinforcement. And then a few lines down line 43, it says, my bendable beads need not be cut to the exact length of an arch. If the standard length should be longer than required, the excess may simply extend onto the straight corner. It's not against being used on substantially straight corners. That is an argument that AMC is making, but that is not what BERT is actually saying. And you can kind of see that in Figure 7, where it's showing that bottom part, which is the prior, and then it says, my beads kind of start at the curve. But if for some reason, what that passage that I just read was saying is that it could also be on that substantially straight part. BERT does not discourage that, does not say that it cannot work, does not say that it should not work. And so the examiner and the Board found that BERT actually does not disclose that it is only used for curved edges. So it is our argument that if you remove the forfeiture, which we believe is valid, but if this court decides that it has discretion to hear those arguments, substantial evidence still supports the fact that this longitudinal access claim limitation is present in BERT. And to Judge Newman's point, it can also be used on substantially straight corners. So I don't know if the court has any questions, but basically, I just want to argue that there was a motivation to combine here because the examiner made a finding as to why the art would be combined. The AMC did not dispute that particular finding, and the Board affirmed it when it affirmed the examiner's findings in this case. Any more questions for Ms. Lateef? No, thank you. You have your rebuttal time, Ms. Brzezinski. Thank you, Your Honor. Again, nothing in BERT actually says the entire bead can be used on straight edges, but it merely says that invention can be used in addition to rigid beads as shown in Figure 7 of BERT. As to motivation to combine, our position is that the Board did not meet its burden in showing that Posita would have been motivated to combine BERT with SOX in the way as to include the claim element strip being bent along its longitudinal axis. And the Board also did not explain that there would be a reasonable expectation of success that BERT and SOX would meet all the claimed elements. There is no explanation as to why Posita would have taken the longitudinally rigid wire mesh of SOX, reduced it in size, turned it 90 degrees to allow BERT lateral bend, and the Board erroneously claimed that the combination with SOX, which has nothing to do with whether BERT itself is usable on straight edges. But again, the ability to be used on straight edges goes directly to the heart of the missing claim element strip being bent along its longitudinal axis, which the Board failed to find after the examiner failed to find that as well. That's all I have. Thank you very much. Okay. Any more questions? Thank you. No. Thank you. Okay. Thanks to counsel for both sides. The case is taken under submission. And that concludes this panel's arguments for this morning. Thank you. The Honorable Court is adjourned until tomorrow morning at 10 a.m.